JIMÉNEZ, RECURRENTE, *v.* EL REGISTRADOR DE AGUADILLA, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de Aguadilla denegando la inscripción de una escritura de compraventa.

No. 319.—Resuelto en julio 3, 1917.

COMPRAVENTA—FALTA DE FIRMAR EL COMPRADOR—DEFECTO SUBSANABLE.—Es defecto subsanable en escritura otorgada en 1899, sobre compraventa, la falta de haber firmado por el comprador, a su nombre y ruego y por no saber hacerlo, una persona que no era testigo instrumental, pues tal defecto no

produce necesariamente la nulidad de la escritura y puede subsanarse, extendiendo una nueva en que conste que el comprador ratifica y acepta el contrato en la misma forma que si no hubiera comparecido a su otorgamiento.

Los hechos están expresados en la opinión.

Abogado de la recurrente: *Sr. Víctor P. Martínez.*

El registrador recurrido, Sr. Joaquín Martínez Cintrón, compareció en nombre propio.

El Juez Asociado Sr. Hutchison, emitió la opinión del tribunal.

En noviembre 11 de 1899 Pedro Antonio Echeandía y Medina vendió varias parcelas de terreno a Doña Claudina Jiménez y González, por escritura cuyo párrafo final es como sigue:

"En su testimonio así lo dicen y otorgan habiéndoles hecho lectura de este instrumento por ante los testigos Don Lorenzo Orfila y Don Severiano Cabrero, mayores de edad, y de esta vecindad, quedando advertidos del derecho que tienen a leerlo por sí y firma el comprador digo vendedor y por la compradora expresar no saber, lo verifica a sus ruegos Don Pedro Río y Soper, también vecino que se halla presente a este acto junto con los testigos dichos que aseguraron no tener tacha legal para serlo, de todo lo cual y de conocer a los expresados testigos yo el Notario doy fe.   Pedro Anto. Echeandía. A ruego de Doña Claudina Jiménez, Pedro Ríos.   L. Orfila.   S. Cabrero.   Signado, Juan Mercader."

En agosto 21 de 1915 doña Claudina Jiménez compareció ante notario y otorgó escritura pública haciendo una ratificación formal del contrato de compraventa antes expresado y aceptando el mismo.

Ambos documentos fueron presentados al registrador de la propiedad, quien se negó a inscribir la escritura por las razones consignadas en su nota, como sigue:

"Denegada la inscripción de este documento, porque no sabiendo firmar la compradora Doña Claudina Jiménez y González, firma en su nombre y a sus ruegos Don Pedro Ríos y López que no es testigo instrumental, lo que produce la nulidad de este instrumento de acuerdo con el Reglamento Notarial de octubre veinte y nueve de mil ochocientos setenta y tres y la Real Orden de veinte y cinco de

julio de mil ochocientos sesenta y ocho, y las Decisiones del Tribunal Supremo, en los casos de *El Banco Territorial* v. *El Registrador, Villanueva* v. *El Registrador* y *Rodríguez* v. *El Registrador.* Y siendo éste un defecto que produce la nulidad de la escritura, no es posible subsanarlo por una escritura de ratificación ni de ningún otro modo; tomo anotación preventiva que ordena la ley por ciento veinte días a favor de la compradora Doña Claudina Jiménez y González, al folio 212 del tomo 39 del Ayuntamiento de San Sebastián, finca número 2052, anotación letra 'A.' Aguadilla, 29 de mayo de 1917. El registrador, J. Martínez Cintrón."

"Es defecto subsanable, conforme al párrafo 1°. del artículo 65 de la ley, la falta de no haber comparecido el comprador al otorgamiento de una escritura, pues que no produce necesariamente la nulidad de la obligación, faltando sólo que el comprador manifieste expresa y legalmente la aceptación, lo cual se subsana extendiendo nueva escritura en que conste ésta." Resolución de la Dirección General de los Registros de junio 19, 1863.

Véanse también otros casos citados por Odriozola, Jurisprudencia Hipotecaria, página 273.

Los casos resueltos por esta Corte Suprema, que cita el registrador, no son similares al presente, y la nota recurrida debe ser revocada.

*Revocada la nota recurrida y ordenada la inscripción del documento presentado.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.